**IN THE COURT OF APPEALS OF IOWA**

No. 14-0366
Filed February 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DALE LEE CRAM,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Story County, Lawrence E. Jahn,

District Associate Judge.


        A defendant appeals his conviction for driving while barred.  **AFFIRMED.**


        John L. Dirks of Dirks Law Firm, Nevada, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, Stephen H. Holmes, County Attorney, and Ethan Anderson, Assistant

County Attorney, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Dale Cram, convicted of driving while barred, contends the district court should have suppressed evidence an officer obtained following his request for identification.

## I.      *Background Facts and Proceedings*

A man overdosed on drugs in a hotel room.  Ames police responded and took the man to a hospital.  Having noticed drug paraphernalia in the room, the officers proceeded to apply for a search warrant.  They left one officer in the hotel parking lot to secure the room.

Meanwhile, a car pulled into the lot in front of the officer's marked vehicle, and both driver and passenger got out.  The officer also exited his vehicle and asked if he could help the two.  The driver, later identified as Dale Cram, said they were there to visit a friend in the precise room the officer was charged with securing.  The officer told Cram the man was taken to the hospital.  He asked Cram for identification.  Cram said he did not have identification.  He added that his driver's license was suspended.  The officer ran a check and determined Cram's license was barred, not suspended.  Cram was arrested, and the State later charged him with driving while barred.  Iowa Code §§ 321.560, .561 (2013).

Cram filed a motion to suppress.  He asserted, "the officer was not justified in detaining" him and, accordingly, "all evidence subsequently obtained must be suppressed."  The district court denied the motion.  Cram was tried on the minutes of testimony and was adjudged guilty of driving while barred.

On appeal, Cram contends (1) "a request for identification by a uniformed police officer is [not] a detention," (2) "under the totality of the circumstances, [he]

was detained," and (3) his "detention was [not] supported by a reasonable suspicion." We elect to address the three issues together, reviewing the record de novo. *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013).

Cram begins by asserting "this [c]ourt should hold that police may request identification from a person only upon reasonable suspicion of criminal activity." He acknowledges his argument runs afoul of federal and Iowa precedent but contends we should broaden the precedent. Suffice it to say we are not at liberty to overturn the opinions of our highest courts. See *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

Those opinions are clear. In *United States v. Drayton*, 536 U.S. 194, 200-01 (2002), the United States Supreme Court stated,

> Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen. Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage—provided they do not induce cooperation by coercive means. If a reasonable person would feel free to terminate the encounter, then he or she has not been seized.

(Citations omitted.); *see also Florida v. Royer*, 460 U.S. 491, 497 (1983). The Court reaffirmed and applied a previously-articulated test for determining whether an encounter was a seizure. *Drayton*, 536 U.S. at 201-04 (citing *Florida v. Bostick*, 501 U.S. 429, 434-40 (1991)). The test is as follows:

> [I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter.

*Bostick*, 501 U.S. at 439.

Cram concedes the pertinent Iowa Supreme Court precedent is *State v. Reinders*, 690 N.W.2d 78, 82-83 (Iowa 2004). There, the court—applying the same analysis to the defendant's federal Fourth Amendment suppression claim and his claim under the Iowa Constitution—repeated the language of *Drayton* quoted above, then addressed the question of whether the defendant was, in effect, detained when officers asked him for identification. After examining the factual circumstances, the court concluded he was not. *Reinders* is virtually indistinguishable from the facts of this case.

The district court saw the symmetry. Citing *Reinders*, the court concluded there was no seizure. The court reasoned that the encounter began with "the innocuous question '. . . may I help you?,'" Cram could have "refused to answer or simply chosen to leave," the officer described the encounter as "casual," Cram's decision to park near the marked patrol car evinced an absence of fear, and the officer "made no gestures, shouts, command or other show of force."

On our de novo review of this constitutional issue, we likewise conclude there was no seizure for the same reasons articulated by the district court.

We affirm Cram's judgment and sentence for driving while barred.

**AFFIRMED.**